UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHET BUCHANAN,

      Petitioner,

v.                                   Case No. 5:07-cv-378-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

      Respondents.

_____

## ORDER DENYING PETITION

Petitioner, a state prisoner, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Petitioner challenges his convictions in the Circuit Court in and for Marion County, Florida.  The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted and the Court may resolve the Petition on the basis of the record.[1]  See Habeas Rule 8(a).

## Convictions and Sentences

This action stems from Petitioner's plea to three counts of dealing in stolen property, four counts of grand theft, four counts of burglary of a structure, and one count of fleeing and eluding.[2]  Petitioner was sentenced to five years, concurrent, on most charges.  As part of the plea, the State noted that it did not have an objection

_____

[1] The Court notes that Petitioner did not file a reply, despite given the opportunity to do so.

[2] Doc. 9, App. B.

to the charges running concurrent with a charge in North Carolina.

On appeal, Petitioner claimed that his counsel misrepresented the plea terms, but Petitioner later voluntarily dismissed his appeal.[3]  Petitioner then filed a Rule 3.850 motion, claiming he was sentenced in violation of his plea agreement.[4]  The state trial court denied the motion and the appellate court *per curiam* affirmed on March 14, 2006.[5]  Thereafter, Petitioner filed a second motion for post-conviction relief, claiming counsel misadvised him of the effect of his sentence.[6]  The trial court held an evidentiary hearing on this claim.  The trial court found that Petitioner's testimony was not credible and that defense counsel properly advised Petitioner as to the nature and extent of his sentences.  The trial court denied the motion and the appellate court *per curiam* affirmed.[7]

On September 11, 2007, Petitioner executed the instant Petition, raising the following claims: 1) he was denied due process because the Florida State Court "refused to enforce inherent condition of plea agreement," and 2) counsel was ineffective for coercing him and misadvising him as to the nature and consequences of his plea.  (Doc. 1).

---

[3]Doc. 9, App. E.

[4]Doc. 9, App. F.

[5]Doc. 9, App. G-I.

[6]Doc. 9, App. J.

[7]Doc. 9, App. L, M.

## Timeliness of Petition

Respondents concede the Petition is timely filed within the one-year limitation period  provided by 28 U.S.C. 2244(d).

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[8]  Petitioner's claims are exhausted as he raised them both in his Rule 3.850 motion.

## Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[9]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined   by   the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[10]  The "contrary to" and "unreasonable application" clauses provide separate bases for

---

[8]  Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[9]  See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[10]  See 28 U.S.C. § 2254(d)(1)- (2).

review.[11]   The state court's findings as to witness credibility are presumptively correct.  See Brown v. Head, 272 F.3d 1308, 1314 (11th Cir. 2001).

## Merits of Claims

Petitioner first claims that the state courts violated his due process rights because they failed to enforce his plea agreement to run any of his Florida sentences concurrent with his North Carolina sentences.  As the State points out in its response, this claim is factually inaccurate.   Petitioner was sentenced concurrently to any foreign sentence.

In his second claim, Petitioner asserts that his trial counsel coerced him into the plea, misadvising him as to the nature and consequences of his plea.  The state trial court held an evidentiary hearing on this claim and thereafter denied the claim stating:

> The Court, being familiar with the file, having heard the testimony and being otherwise fully advised, specifically finds that the testimony of the Defendant, Buchanan, is not credible.  The Defendant failed to meet his evidentiary burden of proof of ineffective assistance of counsel, Pozzuto, as to the nature and extent of the sentence that he was to be serving in the above cases and that this information was provided to the Defendant, Buchanan, prior to his tending a written change of plea, which was accepted by the Court, regarding all the above cases.  The Court specifically finds that there was no misadvice by counsel regarding the sentence and/or the negotiated plea agreement. The Court further finds that the Defendant was not advised by his counsel that he could serve his Florida sentence in North Carolina.

Doc. 9, App. J, pg 27-28.

---

[11]   Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

4

Upon due consideration, this claim is due to be denied.  Petitioner has pointed to nothing that suggests that the trial court's factual determinations were unreasonable or that the trial court's rejection of this claim was contrary to, or an unreasonable application, of <u>Strickland</u>.  Accordingly, Petitioner has not shown that he is entitled to federal habeas relief.

## Conclusion

For the foregoing reasons, the Petition  is **DENIED** with prejudice.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 12th   day of August 2010.

UNITED STATES DISTRICT JUDGE

c:   Chet Buchanan
     Counsel of Record